POTTAWATOMIE COUNTY, EXCISE BOARD, v. STANDISH PIPE LINE CO. et al.

No. 30265.   July 1, 1941.

*115 P. 2d 118.*

Claude Hendon, County Atty., and Byron Lamun, Asst. Co. Atty., both of Shawnee, for plaintiff in error.

Mastin Geschwind, of Oklahoma City, for defendants in error.

DAVISON, J.   This is an appeal by the excise board of Pottawatomie county from a judgment of the Court of Tax Review sustaining a protest against an additional five-mill ad valorem levy voted by the citizens of independent school district No. 112, in said county, for the tax year 1940-1941, allegedly pursuant to section 10, art. 10, of the Constitution.

The question for determination is whether an additional levy voted at an election called and advertised by the school board for the purpose of raising revenue to erect two rooms as additions to the present school building, and to purchase equipment therefor, is void, and subject to cancellation as being in excess of the powers granted by section 10, above. The election resulted in a unanimous vote in favor of the levy.

Said section 10 provides as follows:

"For the purpose of erecting public buildings in counties, cities, or school districts, the rates of taxation herein limited, may be increased, when the rate of such incerase and the purpose for which it is intended shall have been submitted to a vote of the people, and a majority of the qualified voters of such county, city, or school district, voting at such election, shall vote therefor: Provided, That such increase shall not exceed five mills on the dollar of the assessed value of the taxable property in such county, city, or school district."

Protestants say the express power to call an election to vote an additional levy for the purpose of erecting a building does not carry with it the implied power to include in said election the question of raising revenue for purchasing equipment, and that an election called for both purposes is void, thus rendering the levy illegal.

The excise board takes the contrary view.

In Oklahoma County Excise Board v. J. M. Kurn et al., 189 Okla. 203, 115 P. 2d 113, this day decided, we held that the express power granted by sec-

tion 10 to increase by vote of the people the rate of taxation limited by the Constitution for the purpose of erecting such public buildings carries with it the implied power to apply a portion of the proceeds derived from such increase to the purchase of similar equipment for such newly constructed buildings.

What we said in that case in arriving at the above conclusion well applies here.

The express power granted by said section 10 to increase by vote of the people the rate of taxation limited by the Constitution "for the purpose of erecting public buildings in counties, cities, or school districts" carries with it the implied power to increase by vote of the people the rate of taxation for the purpose of purchasing equipment for such newly constructed buildings.

Since the power is granted to include in the building levy the cost of equipping such building, said levy was not invalidated by giving the voters notice of such intended purpose. The very purpose of the notice of an election is to inform the voters on the specific purpose thereof. Jewett et al. v. School Dist. No. 25 in Fremont Co., 49 Wyo. 277, 54 P. 2d 546; Midland Special School Dist. of Sebastian County, Ark., v. Central Trust Co. of Illinois, 1 F. 2d 124. Such equipment being authorized, it is presumed that the school board will expend funds only for the necessary equipment which permanently becomes a part of such newly constructed buildings.

The protest is denied.

WELCH, C. J., CORN, V. C. J., and RILEY, OSBORN, BAYLESS, HURST, and ARNOLD, JJ., concur. GIBSON, J., dissents.