**Application of the STATE OF OKLAHOMA BUILDING BONDS COMMISSION for the Approval of the Issuance of $15,000,000 State of Oklahoma Building Bonds and the Sale Thereof to the State Treasurer of the State of Oklahoma.**

No. 37064.

Supreme Court of Oklahoma.

Oct. 4, 1955.

Mac Q. Williamson, Atty. Gen., George J. Fagin, Sp. Atty., Oklahoma City, for applicant, State of Oklahoma Building Bonds Commission.

DAVISON, Justice.

This is an original proceeding in this court, brought for the purpose of securing the approval of this court of the issuance of State of Oklahoma Building Bonds in the principal amount of $15,000,000 and their purchase by the State Treasurer of the State of Oklahoma.

Although a subsequent constitutional amendment and subsequent legislative acts are controlling, all questions of law which could have been raised herein were considered in detail and determined in the case of Application of State of Oklahoma Bldg. Bonds Commission, 202 Okl. 454, 214 P.2d 934. The question therein involved arose in the exercise of the power granted by Art. X, sec. 31 of the Constitution and the vitalizing legislation enacted on House Bill No. 4 of the Twenty-second Legislature in Extraordinary Session, 62 O.S.1951 § 57.1 et seq.

Concerning the case now before us, Art. X, sec. 33 of the Constitution was adopted by a vote of the people at an election held on April 5, 1955. It provides as follows:

"The Legislature of the State of Oklahoma is hereby authorized to enact a law whereby the State may become indebted in an amount not to exceed Fifteen Million Dollars ($15,000,-000.00) for the purpose of constructing new buildings and other capital improvements and for equipping, remodeling, modernizing and repairing any and all existing buildings and capital improvements at the constituent institutions of the Oklahoma State System of Higher Education and other State institutions. No part of any of said monies shall be, directly or indirectly, allocated to or used by the Oklahoma Educations Television Authority for any purpose whatsoever. Such law shall provide for the payment and discharge of the principal of such debt within twenty-seven (27) years and shall further provide for the payment and discharge of the principal and interest on such indebtedness from one or more of the following sources of State income as follows:

"(1) Any remainder available from the two cents (2¢) of the tax on each package of cigarettes as heretofore provided and defined in Article X, section 31 of the Constitution of the State of Oklahoma, after the annual requirements for principal and interest on the indebtedness created pursuant to said Section have been fully met, until such indebtedness created by said Section has been fully paid and retired, and thereafter, the full amount of said two cents (2¢) of the cigarette tax so provided, or so much thereof as may be required, until the indebtedness herein authorized to be created is fully paid

and retired; (2) An additional three cents (3¢) of the tax now imposed, or which may hereafter be imposed, on each package of cigarettes containing more than twenty (20) cigarettes, or so much of said additional three cents (3¢) as may be necessary; (3) Any funds available in the Public Building Fund of the State, not otherwise encumbered, or funds available in other funds of the State not created or realized from ad valorem tax sources; (4) The proceeds of any tax which the Legislature may impose and collect for the purpose of paying the principal and interest on the indebtedness herein authorized to be created, if the funds available for use and pledge under (1), (2), and (3) above should be insufficient; provided, that the Legislature shall never impose or collect an ad valorem tax for the purpose of paying any part of the principal or interest on the indebtedness herein authorized to be incurred."

Subsequently and in pursuance of the provisions of said constitutional amendment, the Legislature (25th) enacted H.B. No. 937, 62 O.S.1955 Supp. §§ 57.15 to 57.-28, inc., which is entitled,

"An Act vitalizing Section 33 of Article X of the Constitution of the State of Oklahoma, adopted April 5, 1955; providing for the issuance, sale, delivery resale, refunding, and payment of general obligation bonds of the State, in a total principal amount of not to exceed fifteen millions dollars ($15,-000,000.00) for the purpose of constructing new buildings and other capital improvements, and for equipping, remodeling, modernizing and repairing any and all existing buildings and capital improvements, at the constituent institutions of the Oklahoma State System of Higher Education and other State Institutions, as authorized by Section 33 of Article X of the Constitution of the State of Oklahoma; pledging the payment of the interest on, and the principal of, such bonds; providing for the issuance of one or more

interim bonds; providing for the approval of the proceedings in connection with the issuance of such bonds and refunding bonds by the Attorney General, and for the approval of such bonds by the Supreme Court of the State of Oklahoma; declaring the intent of the Legislature in adopting this Act; providing that the provisions of this Act are severable and that if any of the provisions hereof are adjudged to be invalid, such adjudication shall not affect the validity of any of the other provisions of the Act; and declaring an emergency." § 57.15 note.

Section 12 of said Act, 62 O.S.1955 Supp. § 57.26, provided for approval of said bonds by this court. Notice has been duly and regularly given, as in said section provided, of the filing of the instant application for the approval of bonds in the principal amount of $15,000,000 issued under the authority of the constitutional amendment above quoted and said House Bill No. 937. The application seeks also the approval by this court of the purchase of said bonds, when issued, by the State Treasurer of the State of Oklahoma as authorized by the same laws. Although the time provided in said notice has long since expired, no objection or protest has been filed either as to the issuance of said bonds or their purchase by the Treasurer.

It was pointed out in the case of Application of State of Oklahoma Bldg. Bonds Commission, supra, that it is not within the province or scope of authority of this court to determine the merit of the issuance of bonds nor of their purchase in the manner contemplated. The constitution of the State places that responsibility upon the Legislature, limiting the authority of this court to the determination of the legality of the acts and the regularity of the proceedings thereunder. We have carefully examined a certified copy of all proceedings had in connection with the issuance of said bonds and their purchase by the State Treasurer. We find those proceedings regular and in compliance with the controlling laws as above designated.

Said bonds are approved and also their purchase by the State Treasurer of the State of Oklahoma. Time within which petition for rehearing may be filed herein is fixed at five days from this date.

JOHNSON, C. J., WILLIAMS, V. C. J., and WELCH, CORN, HALLEY, BLACKBIRD and JACKSON, JJ., concur.