Application of the OKLAHOMA CAPITOL IMPROVEMENT AUTHORITY for the approval of the issuance of $1,200,000 State Department of Public Safety Building Revenue Bonds and the sale thereof to the State Treasurer of the State of Oklahoma.

No. 41709.

Supreme Court of Oklahoma.
Jan. 25, 1966.

Charles Nesbitt, Atty. Gen., James R. Fuson, Asst. Atty. Gen., for Capitol Improvement Authority.

WILLIAMS, Justice.

This is an original procceding instituted by Oklahoma Capitol Improvement Authority for the approval of the issuance and sale by it and the purchase by the State Treasurer of the State of Oklahoma, of State Department of Public Safety Building Revenue Bonds proposed to be issued by said Authority in the principal amount of $1,200,000 under the provisions of House Bill No. 1088 of the 30th Oklahoma Legislature (73 O.S.1965 Supp. § 153–A).

The application was filed and is presented to this court after giving the notice provided for in 73 O.S.1961 §§ 151–166. These sections are made applicable, insofar as they are not in conflict, by the 1965 enactment to which we have referred. No protest or opposition has been filed or made to the application of the Authority.

Such House Bill No. 1088 of the 30th Oklahoma Legislature is self-described in its title as being: An Act relating to the Oklahoma Capitol Improvement Authority; authorizing such authority to acquire land for and erect buildings for the Department of Public Safety; providing for the issuance of revenue bonds therefor; specifying location; prohibiting commingling of bonds, income and expenses with prior projects; making 73 O.S.1961, §§ 151 through 166, applicable hereto; specifying codification; and declaring an emergency. Such Act authorizes the erecting, operating and maintaining of a building or buildings for the use of the State Department of Public Safety and the payment of the costs of such projects by the issuance and sale of negotiable revenue bonds, repayable solely from the income and revenues to be derived from such projects (rents, etc.). The enactment authorizes and directs the State

Treasurer to purchase, as an investment of public monies in his possession, and the Authority is authorized and directed to sell to the State Treasurer, at private sale, at par, all of the issue. It prohibits the State Treasurer from selling or disposing of the bonds without prior authorization of the Legislature.

Further recitation herein of the provisions of the Act is not necessary.

The proceedings of the Authority in connection with the application here involved are substantially the same as its proceedings in connection with the $10,000,000 issue which this court approved in Application of Oklahoma Capitol Improvement Authority, Okl., 355 P.2d 1028.

The main difference between the statutes involved here and those applicable in 355 P. 2d 1028 is that House Bill No. 1088, 30th Legislature, directs the State Treasurer to purchase the authorized bonds and forbids his sale of them until so authorized by the Legislature, whereas the previous issue involved direction by the statutes that the State Treasurer's purchase should be by and with the direction of the State Depository Board, and that sale of the bonds by the State Treasurer should be by and with the direction of the State Budget Director and the State Depository Board. The powers delegated to the State Budget Director and the State Depository Board by 73 O.S.1961 §§ 151–166 were reserved by the Legislature for its own exercise in House Bill No. 1088, 30th Oklahoma Legislature. This difference is of no significance in considering the constitutionality of the statute with which we are presently concerned.

■ The factual situation herein is so similar to that before us in Application of Oklahoma Capitol Improvement Authority, supra, wherein we approved the issuance of State Office Building Revenue Bonds, that much of the language used in that opinion is applicable here. The questions of law, except those treated in the preceding paragraph hereof, which might have arisen herein were considered in detail and determined in our opinion in that case. (See Application of the Oklahoma Building Bonds Commission, Okl., 288 P.2d 366). The opinion in Application of Oklahoma Capitol Improvement Authority, Okl., 355 P.2d 1028, supra, is therefore adopted as the law of this case and the syllabus thereof insofar as applicable herein is adopted as the syllabus of this opinion, with another paragraph added. (See Kansas, O. & G. Ry. Co. v. State, Okl., 275 P.2d 274.)

■ In the opinion to which reference has just been made, it was said that the bonds there involved expressly declare that they are not debts of the state. That opinion of this Court states that such bonds are not a debt of the state. We there held that the wisdom of the fiscal policy of the Legislature, unless prohibited by the Constitution, should not be questioned by the courts. We approved those bonds and authorized the purchase thereof to the extent of funds available. Similarly, the bonds here proposed, when issued, will not create an indebtedness of the state either in praesenti or beyond the current biennium nor will they bind subsequent Legislatures to make appropriations to pay rentals. We can, therefore, and do, approve such bonds when same shall have been issued, in the total amount of $1,200,000.

■ We also upheld both the constitutionality of House Bill 1088 of the 30th Oklahoma Legislature (73 O.S.1965 Supp. § 153–A) as amendatory of and including 73 O.S.1961 §§ 151–166 and declare valid the proceedings of the Authority and the State Treasurer upon which this suit are based, and pursuant to which such bonds are to be issued. We further hold that the Authority may lawfully sell, and the State Treasurer may lawfully purchase said bonds from funds made available for such purpose by said House Bill 1088.

Time within which petition for rehearing may be filed herein is fixed at five (5) days from this date.

HALLEY, C. J., and DAVISON, BERRY and LAVENDER, JJ., concur.

JACKSON, V. C. J., and BLACKBIRD, IRWIN and HODGES, JJ., dissent.