Application of the STATE of Oklahoma
BUILDING BONDS COMMISSION for the
Approval of the Issuance of $15,425,000
State of Oklahoma Institutional Building
Bonds of 1965, Series A.

No. 41819.

Supreme Court of Oklahoma.

Feb. 28, 1966.

Charles Nesbitt, Atty. Gen., James R. Fuson, Asst. Atty. Gen., for Applicant, State of Oklahoma Building Bonds Commission.

WILLIAMS, Justice.

This is an original proceeding brought by the State of Oklahoma Building Bonds Commission for approval of the acts and procedure of said Commission in issuing State of Oklahoma Institutional Building Bonds of 1965, Series A, in the principal amount of $15,425,000, the sale thereof, and for approval of said bonds, so issued, sold and purchased pursuant to their terms un-

der the provisions of House Bill No. 1122 enacted by the 30th Legislature of the State of Oklahoma.

The application was filed pursuant to and is presented to this Court after giving the notice provided for in said Act. Transcript of the proceedings of the Commission and supporting documents were filed with the application. No protest or opposition has been filed or made.

At a statewide election on December 14th, 1965, the question submitted as State Question No. 433, Legislative Referendum No. 154, was affirmatively approved by the voters of Oklahoma.

The proposed amendment submitted to the vote of the people by such State Question became Section 37, Article X of the Constitution of Oklahoma. Such section reads as follows:

"§ 37. Bond issue for capital improvements at state institutions.—The Legislature of the State of Oklahoma is hereby authorized to enact necessary legislation whereby the State may become indebted in an amount not to exceed Fifty-Four Million Seven Hundred Fifty Thousand Dollars ($54,750,000.00) for the purpose of constructing new buildings and other capital improvements for remodeling, modernizing and repairing any and all existing buildings and capital improvements and purchase of land, equipment and furnishings necessary for such new construction or remodeling for the following departments of state government in the amounts and for the purposes indicated as follows:

| | |
|---|---|
| Oklahoma State Rents for Higher Education for Expenditures at all Constituent Institutions | $38,500,000.00 |
| Department of Mental Health for Expenditures at the following Institutions: | |
| Central State Griffin Memorial Hospital, Eastern State Hospital, Western State Hospital and Taft State Hospital, | 6,500,000.00 |
| Oklahoma Public Welfare Commission for Expenditures at the following Institutions: | |
| Pauls Valley State School, Enid State School and the Hissom Memorial Center, | 1,000,000.00 |
| State Department of Health | 2,275,000.00 |
| Oklahoma State Library | 2,150,000.00 |
| State Board of Public Affairs for Expenditures at the following Institutions: | |
| Oklahoma State Penitentiary | 150,000.00 |
| Oklahoma State Reformatory | 150,000.00 |
| Oklahoma School for the Blind | 550,000.00 |
| Oklahoma School for the Deaf | 550,000.00 |
| Oklahoma Educational Television Authority | 250,000.00 |
| Oklahoma Historical Society | 125,000.00 |
| State Board of Health for Expenditures at the following Institutions: | |
| Western Oklahoma Tuberculosis Sanatorium | 150,000.00 |
| Eastern Oklahoma Tuberculosis Sanatorium | 150,000.00 |
| Department of Public Health for the Building of Community Social Service Centers | 1,500,000.00 |
| Purchase of Land in and about the Capitol Improvement and Zoning District and Medical Center Improvement Zoning District and for Public Parks, Veterans Memorial Area and Landscaping | 750,000.00 |

and such legislation shall provide for the payment and discharge of the principal of such debt, together with interest on such indebtedness, from one or more of the following sources of state income as follows:

1. Any remainder of revenue available from the revenues lawfully levied and collected by the State of Oklahoma on the sale of cigarettes not already committed to other obligations of the State of Oklahoma;

2. Allocations by the Legislature of the State of Oklahoma from any monies in the general revenue fund of the state not otherwise obligated, committed or appropriated; and

3. The proceeds of any tax which the Legislature may impose and collect for the purpose of paying the principal and interest on the indebtedness herein authorized to be created, and authority is hereby granted to the Legislature to so impose and collect such tax, if necessary.

Such legislation hereby authorized to be enacted by the Legislature of the State of Oklahoma may provide for the issuance of bonds evidencing the indebtedness herein authorized and provide that such bonds may be issued in one or more series, may bear such date or dates, may mature at such time or times, may be in such denomination or denominations, may be in such form, coupon or registered, may carry such registration or conversion provisions, may be executed in such manner may be payable in such medium or payment at such place or places, may be subject to such terms of redemption, with or without premium, and may bear such rate or rates of interest as the Legislature may deem expedient and may contain any and all provisions which the Legislature may deem necessary or expedient to make such bonds marketable as general obligations of the State of Oklahoma with the full faith and credit of the State pledged thereto. Within the limits of indebtedness herein authorized the Legislature in its discretion may authorize the issuance of such bonds and the incurring of the authorized indebtedness in fractional amounts of the total indebtedness hereby authorized

to be incurred from time to time and at one or more sessions of the Legislature."

House Bill No. 1122 was enacted by the Thirtieth Legislature of Oklahoma, was approved on July 21st, 1965, and in anticipation of the adoption of the constitutional amendment it was therein provided that it should become effective on the 10th day following approval of the constitutional amendment by the voters of Oklahoma. Oklahoma Session Laws 1965, p. 1059. The title of the Act reads as follows:

"An Act vitalizing House Joint Resolution No. 552 of the 30th Oklahoma Legislature; providing for the issuance, sale, delivery, refunding and payment of general obligation bonds of the State, in the total principal amount of fifty-four million seven hundred fifty thousand dollars ($54,750,000.00) for the purpose of constructing new buildings and other capital improvements, and for equipping, remodeling, remodernizing and repairing any and all existing buildings and capital improvements, and for the purchase of land, at the constituent institutions of the Oklahoma State System of Higher Education, State Mental Health Hospitals, State Department of Health, Oklahoma State Library, State Penitentiary, State Reformatory, State Institutions for Mentally Retarded, School for the Blind, School for the Deaf, Oklahoma Educational Television Authority, Western Oklahoma Tuberculosis Sanatorium, Eastern Oklahoma Tuberculosis Sanatorium and Oklahoma Historical Society; providing for construction of buildings for community social service centers; providing for purchase of land in and about the Medical Center Improvement and Zoning District and the Capital Improvement and Zoning District; pledging the payment of the interest on, and the principal of, such bonds; providing for the issuance of one or more interim bonds; providing for the approval of the proceedings in connection with the issuance of such bonds and refunding bonds by the Attorney General, and

for the approval of such bonds by the Supreme Court of the State of Oklahoma; creating the 'State of Oklahoma Institutional Building Bonds of 1965 Sinking Fund;' providing for the investment of construction account and sinking fund monies; providing that the Attorney General shall represent the Building Bonds Commission as attorney and prohibiting the payment of funds for attorneys' fees, agents' charges or commission; declaring the intent of the Legislature in adopting this act; providing that the provisions of this act are severable and that if any of the provisions hereof are adjudged to be invalid, such adjudication shall not affect the validity of any of the other provisions of the act; prescribing the effective date thereof; and declaring an emergency."

The provisions of the body of that House Bill are not inconsistent with the title thereof. Further quotation from the Act is not deemed necessary.

Pursuant to the query addressed to this Court by the Application of the Commission, we have scrutinized said Section 37, Article X of the Oklahoma Constitution, and said House Bill No. 1122 enacted by the 30th Oklahoma Legislature which did go into effect on the 10th day following the adoption of Section 37, supra. Such Section 37 of Article X of the Constitution authorizes enactment of legislation permitting the State to incur in indebtedness to the extent of $54,750,000.00 for the purposes specified in that Section of the Constitution. House Bill No. 1122 of the 30th Oklahoma Legislature, being codified as 62 O.S.Supp. 1965 §§ 57.61 through 57.74, designates the State of Oklahoma Building Bonds Commission, created by 62 O.S.1961 § 57.1, acting for and on behalf of the State of Oklahoma, as the agency by and through which the State of Oklahoma shall incur such indebtedness. Section 3 of said House Bill establishes an issue of bonds designated "State of Oklahoma Institutional Bonds of 1965" in the total amount of $54,750,000.00, and directs the said Commission to issue

and deliver Series A thereof in the amount of $15,425,000.00.

We have heretofore determined, in accordance with what we consider to be the weight of authority, that there is no constitutional inhibition forbidding the enactment of a vitalizing and enabling act to become effective at a future date when and if a proposed constitutional amendment is adopted. See Application of Oklahoma Industrial Finance Authority, Okl., 360 P.2d 720. That determination is here re-affirmed.

A supplemental application filed herein, which reaffirms the prayer for relief of the application originally filed, alleges that at public sale after the giving of notice prescribed by such House Bill No. 1122, and subject to approval of the bonds by the Attorney General of Oklahoma and by this Court, the applicant, on January 27th, 1966, sold Series A of said bonds to First National Bank and Trust Company of Oklahoma City and Associates, its bid at the sale reflecting the lowest net interest rate to the State of Oklahoma of any of the bids received. Query is made by applicant as to the sufficiency of the sale proceedings, copies of which, with supporting instruments, are submitted with such supplemental application.

With respect to that query, we note that we have heretofore approved the issuance of bonds on the one hand and the sale of such bonds on the other in the same proceeding. See Application of State of Oklahoma Building Bonds Commission, Okl., 288 P.2d 366 and Application of Oklahoma Capitol Improvement Authority, (decided Jan. 25, 1966), Okl., 410 P.2d 46.

The questions of law, except those treated in the preceding paragraphs hereof, which might have arisen herein, we considered and determined in our opinions in Application of State of Oklahoma Building Bonds Commission, Okl., 288 P.2d 366, supra; and Application of State of Oklahoma Building Bonds Commission, 202 Okl. 454, 214 P.2d 934. Those opinions insofar as they may apply here, are adopted as the

law of this case and the determinations therein are here re-affirmed. We hold that House Bill No. 1122 of the 30th Oklahoma Legislature is constitutional.

■ We have examined the resolution of the State of Oklahoma Building Bonds Commission authorizing the issuance of $15,425,000 State of Oklahoma Institutional Building Bonds of 1965, Series A, pursuant to the provisions of Section 37, Article X, Constitution of Oklahoma, and pursuant to the provisions of House Bill No. 1122, enacted by the 30th Oklahoma Legislature, implementing such constitutional provision and have examined all proceedings had in the issuance of the bonds with which we are concerned herein. We find such resolution and proceedings for the issuance of such bonds to be in accord with such constitutional provision and the Act implementing it.

■ We also have examined the transcript of proceedings had by the Commission on January 27th, 1966, including the notice of sale and proof thereof, the several bids and amounts thereof and the resolution by the Commission adopted awarding to said successful bidder the $15,425,000 State of Oklahoma Institutional Building Bonds of 1965, Series A, at a rate of interest which averages 3.3499% per annum. We find that the transcript of proceedings conducted by the State of Oklahoma Building Bonds Commission reflects that the sale of said bonds on January 27, 1966, was in full compliance with all the requirements of House Bill No. 1122, 30th Oklahoma Legislature, including those of Section 5 thereof spelling out the procedure for such sale.

In summary, we therefore hold that House Bill No. 1122 enacted by the 30th Oklahoma Legislature was valid and constitutional, that all proceedings had and done by the State of Oklahoma Building Bonds Commission in the issuance of State of Oklahoma Institutional Bonds of 1965, Series A, in the amount of $15,425,000.00, including the proceedings pledging revenues for retirement of said bonds (but not limited thereto) and in conducting the sale thereof and in selling same to the First National Bank and Trust Company of Oklahoma City, Oklahoma, and Associates at an interest cost to the State of Oklahoma averaging 3.3499% per annum, are lawful and regular in all particulars and that such bonds are valid general obligations of the State of Oklahoma and that same should be and are hereby approved, as is their issuance and sale as aforesaid.

Time within which petition for rehearing may be filed herein is set to expire at 12 o'clock noon on March 5, 1966.

HALLEY, C. J., JACKSON, V. C. J., and DAVISON, IRWIN, BERRY, HODGES and LAVENDER, JJ., concur.