Application of the STATE of Oklahoma BUILDING BONDS COMMISSION for the approval of the Issuance of $7,000,000.00 State of Oklahoma Building Bonds of 1965 and the sale thereof to the State Treasurer of the State of Oklahoma.

No. 41874.

Supreme Court of Oklahoma.

April 5, 1966.

Charles Nesbitt, Atty. Gen., of Oklahoma.

James R. Fuson, Asst. Atty. Gen., for the Applicant, State of Oklahoma Building Bonds Commission.

WILLIAMS, Justice.

This is an original proceeding brought by the State of Oklahoma Building Bonds Commission for approval of the acts and procedure of said Commission in issuing State of Oklahoma Building Bonds of 1965 in the principal amount of $7,000,000.00, the sale thereof to, and the purchase thereof by, the State Treasurer of the State of Oklahoma and for approval of said bonds so issued, sold and purchased pursuant to their terms under the provisions of House Bill No. 1010 enacted by the Thirtieth Regular Session of the Oklahoma Legislature.

The application was filed pursuant to and is presented to this Court after giving the notice provided for in said Act. Transcript of the proceedings of the Commission and supporting documents were filed with the application. No protest or opposition has been filed or made.

At a statewide election held on December 3, 1963, the question submitted as State Question No. 411, Legislative Referendum

No. 137, was affirmatively approved by the voters of Oklahoma.

The proposed constitutional amendment submitted to the vote of the people by such State Question became Section 36, Article X of the Constitution of Oklahoma. Such section reads as follows:

"§ 36. Indebtedness for capital improvements—University Medical Center.—The Legislature of the State of Oklahoma is hereby authorized to enact a law or laws whereby the State may become indebted in an amount not to exceed Seven Million Dollars ($7,000,000.00) for the purpose of constructing new buildings and other capital improvements and for equipping, remodeling, modernizing and repairing any and all existing buildings and capital improvements at University of Oklahoma Medical Center, and such law or laws shall provide for the payment and discharge of the principal of such debt, together with principal and interest on such indebtedness, from one or more of the following sources of State income as follows:

1. Any remainder of revenue available from the revenues lawfully levied and collected by the State of Oklahoma on the sale of cigarets not already committed to other obligations of the State of Oklahoma;

2. Allocations by the Legislature of the State of Oklahoma from any monies in the general revenue fund of the State not otherwise obligated, committed or appropriated; and

3. The proceeds of any tax which the Legislature may impose and collect for the purpose of paying the principal and interest on the indebtedness herein authorized to be created, authority hereby being granted to the Legislature to so impose and collect such tax, if necessary.

Such law or laws hereby authorized to be enacted by the Legislature of the State of Oklahoma may provide for the issuance of bonds evidencing the indebtedness herein authorized and provide that such bonds may be issued in one or more

series, may bear such date or dates, may mature at such time or times, may be in such denomination or denominations, may be in such form, coupon or registered, may carry such registration or conversion provisions, may be executed in such manner, may be payable in such medium or payment at such place or places, may be subject to such terms of redemption, with or without premium, and may bear such rate or rates of interest as the Legislature may deem expedient and may contain any and all provisions which the Legislature may deem necessary or expedient to make such bonds marketable as general obligations of the State of Oklahoma with the full faith and credit of the State pledged thereto. Within the limits of indebtedness herein authorized the Legislature in its discretion may authorize the issuance of such bonds and the incurring of the authorized indebtedness in fractional amounts of the total indebtedness hereby authorized to be incurred from time to time and at one or more sessions of the Legislature."

Pursuant to authority vested in it by Section 36, Article X of the Oklahoma Constitution, the Thirtieth Oklahoma Legislature enacted House Bill 1010, which went into effect on June 24th, 1965, and which is now codified as 62 O.S.Supp.1965 §§ 57.51 through 57.60.

The Title of the Act reads as follows:

"An Act vitalizing Section 36, Article X, of the Oklahoma Constitution; providing for general obligation bonds in the amount of seven million dollars ($7,000,-000.00) for the purpose of constructing, equipping and furnishing new buildings and other capital improvements and for equipping, remodeling, modernizing and repairing existing buildings and other capital improvements at the University of Oklahoma Medical Center; pledging the payment of the interest on, and the principal of, such bonds; providing for the issuance of one or more interim bonds; directing State Depository Board to approve and State Treasurer to purchase bonds as investment of public monies; providing for the approval of the proceedings in connection with the issuance of such bonds and refunding bonds by the Attorney General, and for the approval of such bonds by the Supreme Court of the State of Oklahoma; creating the "State of Oklahoma Building Bonds of 1965 Sinking Fund"; providing for the investment of construction account and sinking fund monies; providing that the Attorney General shall represent the Building Bonds Commission as attorney and prohibiting the payment of funds for attorneys' fees, agents' charges or commissions; declaring the intent of the Legislature in adopting this act; providing that the provisions of this act are severable; and declaring an emergency."

The provisions of the respective sections of the body of House Bill 1010 are not inconsistent with the title thereof. Further quotation from the Act is not necessary to the purpose of this opinion.

Pursuant to the query addressed to this Court by the application of the Commission, we have scrutinized said Section 36, Article X of the Oklahoma Constitution and said House Bill 1010 enacted by the Thirtieth Oklahoma Legislature. Such Section 36 of Article X of the Constitution authorizes enactment of legislation permitting the State to incur an indebedness to the extent of $7,000,000.00 for the purposes specified. House Bill No. 1010 of the Thirtieth Oklahoma Legislature designates the State of Oklahoma Building Bonds Commission, created by 62 O.S.1961 § 57.1, acting for and on behalf of the State of Oklahoma, as the agency by and through which the State of Oklahoma shall incur indebtedness to the extent of $7,000,000.00 for the purposes specified in Section 36, Article X of the Oklahoma Constitution.

Section 3 of said House Bill (being 62 O.S.1965 Supp. § 57.53) establishes an issue of bonds designated "State of Oklahoma Building Bonds of 1965" and directs the Commission to issue, sell and deliver said

bonds in accordance with the terms and provisions of said House Bill.

Section 5 of House Bill 1010 (being 62 O.S.1965 Supp. § 57.55) directs the State Depository Board to approve and provides that the State Treasurer of the State of Oklahoma shall purchase from the Commission at par, at private sale, all of said bonds as an investment of public monies in his possession. Such State Depository Board has approved such proposed purchase.

While we have not summarized herein every section, our examination of all of the sections of said House Bill 1010 impresses us that the questions of law, except such as are otherwise treated herein, which might have arisen herein were considered and determined in our opinions in Application of the State of Oklahoma Building Bonds Commission, 202 Okl. 454, 214 P.2d 934; Application of State of Oklahoma Building Bonds Commission, Okl., 288 P.2d 366; Application of Oklahoma Capital Improvement Authority, (decided January 25, 1966,) Okl., 410 P.2d 46; and In the Matter of the Application of the State of Oklahoma Building Bonds Commission for the approval of the issuance of $15,425,000 State of Oklahoma Institutional Bonds of 1965, Series A, Okl., 410 P.2d 521, decided February 28, 1966). Those opinions, insofar as they may apply here, are adopted as the law of this case and the determinations therein are here re-affirmed.

Query is made by applicant as to the sufficiency of the proceedings pursuant to which said bonds are to be issued and sold by the Commission and purchased by the State Treasurer of the State of Oklahoma, subject to the approval of the bonds by the Attorney General of Oklahoma and by this Court. As above stated, copies of such proceedings, with supporting papers, including resolution for the issuance of the bonds, have been submitted with the application. Therefrom we observe that on the 27th day of January, 1966, the Building Bonds Commission, by appropriate resolution, authorized and directed the issuance of $7,000,-000.00 State of Oklahoma Building Bonds of 1965 and offered them for sale to the State Treasurer of the State of Oklahoma at par and accrued interest to date of delivery thereof; that the State Treasurer of the State of Oklahoma has filed herein a statement of his being willing to accept the offer of the Commission and has agreed to purchase all of said bonds in accordance with said offer; and that the sale and purchase of said Building Bonds of 1965 has been approved by the Attorney General of Oklahoma.

Section 9 of House Bill 1010 (being 62 O.S.1965 Supp. § 57.59) undertakes to impose a duty upon this Court to determine the validity of the bonds and further provided that if such bonds be held valid, they and the revenues pledged to their payment shall be incontestable in any court of this State. There is a reference in this section of House Bill 1010 to Sec. 34, Art. X of the Constitution of Oklahoma. However, it seems clear that the section intended and the section concerned is Sec. 36, Art. X Constitution and we so construe it.

■ We note that House Bill 1010, and the form of the bonds to be issued by applicant, make reference to the levy of cigaret taxes by 68 O.S.1961, § 586a as amended. This statute was repealed by House Bill 511 two weeks prior to the effective date of House Bill 1010, as the Legislature stated in Section 3 thereof "for the purpose of being revised and re-enacted herein". Since House Bill 511 did re-enact the cigaret tax and expressly stated that it was the Legislative intent to not affect any tax liability accrued under such prior statute, and since, also, Sec. 36 of Article X of the Oklahoma Constitution expressly authorized the enactment of legislation providing for discharge of principal and interest of the subject bonds from "any remainder of revenue available from the revenues lawfully levied and collected by the State of Oklahoma on the sale of cigarets not already committed to other obligations of the State of Oklahoma" we think the reference to the repealed 68 O.S.1961, as amended, § 586a, does

348

not detract from or affect the validity of either the bonds or procedure for their issuance. "It is the duty of the courts to adopt a construction of a statute that will bring it into harmony with the constitution, if its language will permit". 11 Am.Jur. Constitutional Law, § 97. We hold that the reference to 68 O.S.1961, § 586a, as amended, in House Bill 1010 and the form of the bonds to be issued is inept and that in said bonds, next after the words and figures "68 O.S.1961, as amended, Section 586a," there shall be inserted the words and figures, as follows, to-wit: "re-enacted as 68 O.S. Supp.1965 Section 302," and that the balance of the language of the proposed bonds not be disturbed.

■ In summary, we hold that House Bill 1010 enacted by the Thirtieth Oklahoma Legislature was valid and constitutional, that all proceedings heretofore had and done by the State of Oklahoma Building Bonds Commission in the issuance of State of Oklahoma Building Bonds of 1965, in the principal amount of $7,000,000.00, and the sale thereof to and purchase thereof by the State Treasurer of the State of Oklahoma at par and accrued interest to be hereafter consummated, when done as directed in this opinion, will be lawful and regular in all particulars, and that such bonds will be valid general obligations of the State of Oklahoma and should be, and the same hereby are, approved, as is their issuance and sale and purchase as aforesaid.

The attention of the Court has been drawn to the difference in language employed in Section 36 of Article X, Constitution, and that of Section 2 of H.B. 1010 here under consideration. Such Section of the Constitution authorizes the Legislature to enact laws whereby the State may become indebted in the stated amount "for the purpose of constructing new buildings and other capital improvements and for equipping, remodeling, modernizing and repairing any and all existing buildings and capital improvements" at the University Medical Center. Section 2 of the statute, however, also employs the word "furnishing" as follows:

"for the purpose of constructing, equipping and furnishing new buildings and other capital improvements, and for equipping, remodeling, modernizing and repairing any and all existing buildings and capital improvements" at the Medical Center.

We are aware of the Court's holding in the cases of Oklahoma County Excise Board v. Kurn, et al., 189 Okl. 203, 115 P.2d 113; Pottawatomie County Excise Board v. Standish Pipe Line Co., et al., 189 Okl. 201, 115 P.2d 118; and Pottawatomie County Excise Board v. Lowden et al., 189 Okl. 202, 115 P.2d 119, of effect generally that a constitutional provision authorizing increase in tax rate by vote of the people for purpose of "erecting" public buildings "carries with it the implied power to apply a portion of the proceeds derived from such increase to the purchase of necessary equipment which permanently becomes a part of such newly constructed buildings."

In this action, which, as has been shown, is not contested, we are not afforded the benefit of the assistance we normally would expect from the briefs of counsel who might later present for our consideration an appeal from judgment in a suit to enjoin the expenditure of a part of the proceeds of the sale of the bonds here involved for "furnishings" on the theory they are not "permanent equipment". Such an expenditure may or may not have been intended by the Legislature and may or may not occur and if it does such a suit may or may not be filed and such an appeal may or may not be taken from any judgment in any such suit, if any. We decline to undertake to settle any such question in this action for approval of the bonds herein involved.

■ H.B. 1010 has a severability clause. Any later determination either way as to purposes for which the proceeds of sale of the bonds might properly be spent should not affect either the validity of other parts of the Act or of the bonds.

Time within which petition for rehearing may be filed herein is set at five (5) days from date of promulgation of this opinion.