The Attorney General has received your letter requesting an opinion addressing, in effect, the following question:
 Does the State Treasurer have authority, pursuant to 62 O.S. 516.2 to reject all surety company bonds posted to secure deposits of public funds in state depository banks?
Your question may be answered by referenced to controlling statutes and case law, therefore, the issuance of a formal opinion of the Attorney General is not necessary. The discussion which follows is, therefore, not an official opinion of the Attorney General; it represents, rather, the analysis and conclusions of the undersigned Assistant Attorney General.
Your inquiry specifically references the Unit Collateral System, 62 O.S. 516.1 (1991) et seq. The Unit Collateral System legislates the manner in which depository banks pledge assets to secure deposits from certain government entities. Essentially you have asked this office to issue an opinion as to whether the State Treasurer may refuse to accept surety company bonds as collateral for deposits of public funds.
The State Treasurer has certain statutory duties regarding collateral securities. Section 62 O.S. 516.2 of Title 62 provides in pertinent part:
 "The State Treasurer is hereby authorized to consider. in relation to the terms and conditions of this act. the collateral securities offered and the offer to pledge. and. if proper. to accept and approve the same in the name of the State of Oklahoma for the use and benefit of the several municipal and governmental subdivisions thereof as may be named, and with the interest of each separately stated as set forth in such offer to pledge, to secure deposits in such bank of the funds thereof in the custody of the several treasurers or their successors in office to the extent of the sums named specifically as to each, and the total of their several interests shall not exceed the total par value of such securities."
(Emphasis added.)
Section 62 O.S. 516.3 of the Act lists the securities which may be pledged to secure public fund deposits. After listing acceptable securities, sub-section B of 62 O.S. 516.3(b) provides:
 "(B) In lieu of said securities or any of them a surety company bond in all respects as otherwise provided by law for state depository banks may be pledged and taken."
The goal of statutory construction is to always follow the legislative intent. Hess v. Excise Board of McCurtain Co.,698 P.2d 930 (Okla. 1985). The presumption is that the Legislature intended what it expressed in a statute and the plain language of statute will be followed without further inquiry. Matter of Hamm Production Co., 671 P.2d 50
(Okla. 1983).
The Legislature, unless prohibited by the Constitution, has the right to declare fiscal policy. Application of Oklahoma Capitol Improvement Authority, 355 P.2d 1028 (Okla. 1960). Without doubt, subsection B of 516.3 allows for the use of surety company bonds to secure deposits from governmental entities. Section 62 O.S. 516.2 allows the Treasurer to approve collateral securities if the same are "proper". Reading these sections together it appears clear that "proper" collateral securities are those authorized by statute. Given the fact that surety company bonds are statutorily allowed, it is my opinion that the Treasurer lacks discretion to reject such collateral unless the specific bonds are in some way improper. That determination would be fact specific and outside the scope of an Attorney General opinion.
In answer to your question, it is the opinion of the undersigned Assistant Attorney General that the State Treasurer-does not have the authority pursuant to 62 O.S. 516.2 to reject all surety company bonds posted to secure deposits of public funds in state depository banks. This letter represents the analysis of the undersigned Assistant Attorney General and is not an official Attorney General opinion.
(Douglas F. Price)