Dear Senator Morgan,
¶ 0 This office has received your request for an Attorney General Opinion in which you ask, in effect, the following question:
 Is 37 O.S. 598 (19971) (which includes 3.2% beer in its definition of "alcoholic beverages") unconstitutional in light of Article XXVIII, Section 2 of the Oklahoma Constitution, which excludes 3.2% beer from certain legislative enactments?
¶ 1 Your question asks whether a particular statute is constitutional. In ascertaining the constitutionality of a statute, the Oklahoma Supreme Court presumes the statute to be constitutional unless it is "clearly, palpably and plainly inconsistent with the Constitution." Reherman v. Oklahoma WaterResources Board, 679 P.2d 1296, 1300 (Okla. 1984). Whenever possible, statutes are construed so as to uphold their constitutionality. Id. The Court does not look to the Constitution to determine whether the Legislature is authorized to do an act, but rather to see whether the act is prohibited.Draper v. State, 621 P.2d 1142, 1146 (Okla. 1980).
¶ 2 In determining the constitutionality of the statute at issue, a brief history describing the evolution of alcoholic beverage regulation within Oklahoma is necessary.
 HISTORY OF REGULATING ALCOHOLIC BEVERAGES IN THE STATE OF OKLAHOMA
¶ 3 Until 1959 Oklahoma banned all intoxicating beverages except 3.2% beer which was defined as a "nonintoxicating beverage". See Okla. Const. Article XXVII, Section 1 to Article XXVII, Section 11, repealed; 37 O.S. 163.1 and 37 O.S.163.2(a) (1991). In 1959 Oklahoma repealed prohibition. Okla. Const. Article XXVII, Section 11 to Article XXVII, Section 11, repealed. At that time the Alcoholic Beverage Control Board (now the Alcoholic Beverage Laws Enforcement Commission) regulated alcoholic beverages. Okla. Const. Article XXVIII, Section 1. Because it was not defined as an "alcoholic beverage", 3.2% beer fell outside the Alcoholic Beverage Control Board's regulation.
¶ 4 In 1995, Section 37 O.S. 163.1 of Title 37 was amended. The term "nonintoxicating beverages", which included 3.2% beer, was replaced by "low-point beer". 1995 Okla. Sess. Laws ch. 274,8. Accordingly, it is evident that historically both the Oklahoma Constitution and the Oklahoma Statutes regulating alcohol treat 3.2%, or low-point, beer differently than other alcoholic beverages. In light of this historical background, we turn to an analysis of the specific provisions at issue.
 ARTICLE XXVIII OF THE OKLAHOMA CONSTITUTION
¶ 5 Article XXVIII of the Oklahoma Constitution generally provides for the creation of the Alcoholic Beverage Laws Enforcement Commission ("ABLE") for the purpose of enforcing the alcoholic beverage laws of the State. Article XXVIII, Section 1 provides in part:
 There is hereby created the Alcoholic Beverage Laws Enforcement Commission. The purpose of the Commission shall be to enforce the alcoholic beverage laws of the State, and the Commission shall have such power and authority to enforce such laws, rules and regulations as shall be prescribed by the Legislature.
Okla. Const. Article XXVIII, Section 1.
¶ 6 ABLE replaced the Alcoholic Beverage Control Board. See
Okla. Const. Article XXVIII, Section 1(A). Further, Article XXVIII, Section 3 provides that:
 The Legislature shall enact laws providing for the strict regulation, control, licensing, and taxation of the manufacture, sale, distribution, possession, and transportation of alcoholic beverages, consistent with the provisions of this Amendment.
Okla. Const. Article XXVIII, Section 3.
¶ 7 The Constitutional provision at issue in your question provides:
 The terms and provisions of this Amendment, and laws enacted by the Legislature pursuant hereto, shall not include nor apply to any beer or cereal malt beverage containing not more than three and two-tenths percent (3.2%) of alcohol by weight; provided, however, nothing shall prohibit a person authorized to sell alcoholic beverages by the individual drink for on-premises consumption from also becoming qualified to sell any beer or cereal malt beverage containing not more than three and two-tenths percent (3.2%) of alcohol by weight in the same location.
Okla. Const. Article XXVIII, Section 2
 TITLE 37 OF THE OKLAHOMA STATUTES
¶ 8 Title 37 O.S. 8 to 37 O.S. 247 (1991-1997), generally sets forth the specific laws with regard to the regulation of both intoxicating beverages and low-point (i.e., 3.2% alcohol or less) beer.
¶ 9 Intoxicating beverages are described as:
 All beverages containing more than three and two-tenths percent (3.2%) alcohol by weight and all mixed beverage coolers, as defined in Section 506 of this title, regardless of percent of alcoholic content, are hereby declared to be intoxicating. All beverages containing more than one-half of one percent (of 1%) alcohol by volume and not more than three and two-tenths percent (3.2%) alcohol by weight are hereby declared to be low-point beer. Wherever the term "nonintoxicating beverage" or "nonintoxicating malt beverage" appears in the Oklahoma Statutes, such term shall be construed to mean low-point beer. The manufacture, distribution and sale of low-point beer, including but not limited to beer or cereal malt beverages, are hereby declared subject to the provisions of Section 163.1 et. seq. of this title.
37 O.S. 163.1 (1997).
¶ 10 While Title 37 regulates both intoxicating beverages and low-point beer, ABLE regulates only "alcoholic beverages". 37O.S. 504 (1991). The Oklahoma Alcoholic Beverage Control Act ("the Act") is set forth at 37 O.S. 501 to 37 O.S. 599
(1991-1997). For purposes of the Act, "alcoholic beverage" is defined as:
 [A]lcohol, spirits, beer, and wine as those terms are defined herein and also includes every liquid or solid, patented or not, containing alcohol, spirits, wine or beer and capable of being consumed as a beverage by human beings, but does not include low-point beer as that term is defined in Section 163.2 of this title.
37 O.S. 506(3) (1997) (emphasis added).
¶ 11 Thus, as previously stated, ABLE does not regulate low-point beer.
¶ 12 The specific statute your inquiry addresses is 37 O.S.598 (1997) which provides:
 If the premises of a licensee of the Alcoholic Beverage Laws Enforcement Commission contains a separate or enclosed lounge or bar area, which has as its main purpose the sale or distribution, of alcoholic beverages for on-premises consumption,
notwithstanding that as an incidental service, meals or short order foods are made available therein, no person under twenty-one (21) years of age shall be admitted to such area, except for members of a musical band employed or hired as provided in paragraph 2 of subsection B of Section 537 of this title when the band is to perform within such area. The provisions of this section shall not prohibit persons under twenty-one (21) years of age from being admitted to an area which has as its main purpose some objective other than the sale or mixing or serving of said beverages, in which sales or serving of said beverages are incidental to the main purpose, as long as the persons under twenty-one (21) years of age are not sold or served alcoholic beverages. The incidental service of food in the bar area shall not exempt a licensee from the provisions of this section. The ABLE Commission shall have the authority to designate the portions of the premises of a licensee where persons under twenty-one (21) years of age shall not be admitted pursuant to this section. For purposes of this section only, the term alcoholic beverages shall include low-point beer, as defined in Section 163.2 of this title.[1]
37 O.S. 598(A) (1997) (emphasis added).
¶ 13 Your question arises because Article XXVIII, Section 2 of the Oklahoma Constitution cited above, contains language which excludes 3.2%, or low-point, beer from the provisions of "this Amendment, and laws enacted by the Legislature pursuant hereto". Your question asks whether this exclusion conflicts with the language of the statute at 37 O.S. 598 (1997) which includes
low-point beer within the term "alcoholic beverages" for the purpose of determining the "main purpose" of an establishment.
 ANALYSIS
¶ 14 As noted at the outset of this Opinion, statutory provisions are presumed to be constitutional and are upheld unless they are "clearly unconstitutional". Application ofOklahoma Capitol Improvement Authority, 355 P.2d 1028, 1031
(Okla. 1960). Attorney General Opinion 84-195 addressed a particular regulation relating to alcoholic beverages and stated:
 It is well-settled, as a general proposition, that the Legislature possesses full authority to address all rightful subjects through legislation. In specific reference to intoxicating beverages, it has been noted that the State inherently possesses broad police powers to regulate all phases of the liquor industry, so that the public health, safety, welfare and morals may be protected.
 This inherent authority is buttressed and extended by the extraordinary power conferred by the Twenty-first Amendment, granting "something more than the normal state authority over public health, welfare and morals.
 This authority is not dependent upon the enactment of any particular state constitutional provision, but is only channeled and limited by such promulgations.
A.G. Opin. 84-195 at 351-352 (citations omitted).
¶ 15 In Attorney General Opinion 84-195, it was determined that since Article XXVIII did not limit legislative authority with regard to operating "private clubs" the Legislature had full authority to authorize private clubs to operate in those counties which had either not voted on liquor by the drink or had rejected liquor by the drink.
¶ 16 Article XXVIII, Section 2 of the Oklahoma Constitution does not prohibit the Legislature from enacting laws regulating 3.2% or low-point beer. In fact, 3.2% or low-point beer, is regulated by 37 O.S. 163.1 to 37 O.S. 247 (1991-1997). Rather, Article XXVIII, Section 2 of the Constitution prohibits the Legislature from enacting laws which give ABLE the authority to regulate the distribution and sale of 3.2% or low-point beer.
¶ 17 The statute about which you ask, 37 O.S. 598 (1997), applies only to an establishment which has been licensed by ABLE. The section begins: "If the premises of a licensee of the Alcoholic Beverage Laws Enforcement Commission. . . ." By its own terms therefore, the statutory provision does not apply to an establishment that is not licensed by ABLE. It does not conflict with Article XXVIII, Section 2 of the Oklahoma Constitution because it does not regulate the sale or distribution of 3.2% beer. Rather, it regulates the premises of ABLE licensees.
¶ 18 If an establishment sells only 3.2% or low-point beer, it is not required to be licensed by ABLE. See 37 O.S. 163.1
to 37 O.S. 247 (1997). Accordingly, if an establishment sellsonly 3.2% or low-point beer, 37 O.S. 598 (1997) is not applicable.
¶ 19 It is, therefore, the official Opinion of the AttorneyGeneral that:
 The Alcoholic Beverage Laws Enforcement Commission regulates "alcoholic beverages" which does not include 3.2% or low-point beer. 37 O.S. 506(3) (1997).
 Article XXVIII, Section 2 of the Oklahoma Constitution prohibits the Legislature from enacting laws which provide for the Alcoholic Beverage Laws Enforcement Commission to regulate the sale or distribution of 3.2% or low-point beer.
 By its own language, 37 O.S. 598 (1997), which includes 3.2% beer in its definition of "alcoholic beverages", applies only to a "licensee of the Alcoholic Beverage Laws Enforcement Commission".
 Title 37 O.S. 598 (1997) is not unconstitutional because it only applies to licensees of the Alcoholic Beverage Laws Enforcement Commission.
 W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
 GRETCHEN ZUMWALT ASSISTANT ATTORNEY GENERAL
[1] Section 163.2 defines "low-point beer" as "beverages containing more than one-half of one percent (1/2 of 1%) alcohol by volume, and not more than three and two-tenths percent (3.2%) alcohol by weight, including but not limited to beer or cereal malt beverages obtained by the alcoholic fermentation of an infusion of barley or other grain, malt or similar products." 37O.S. Supp. 1997, § 163.2[37-163.2](1).