STATE of Oklahoma, ex rel. Marvin B. YORK, Petitioner,

v.

Michael C. TURPEN, Attorney General of the State of Oklahoma, Respondent.

No. 61986.

Supreme Court of Oklahoma.

May 15, 1984.

As Corrected May 21, 1984.

E. Paul Ferguson, Thomas E. Prince, Ferguson & Litchfield, Oklahoma City, for petitioner.

Michael C. Turpen, Atty. Gen., Neal Leader, Asst. Atty. Gen., Deputy Chief, Civ. Div., John D. Rothman, Asst. Atty. Gen., Oklahoma City, for respondent.

HARGRAVE, Justice.

◼ The underlying issue prompting this application to assume original jurisdiction and petition for writ of prohibition and/or declaratory judgment is the propriety of Attorney General's Opinion # 83–202, which concludes with the following language:

"... the Section of Enrolled House Bill No. 1091 (to be codified as 1983 Okla. Sess.Laws, c. 143, § 8), repealing 11. O.S.1981, §§ 49–136, 50–120 is unconstitutional as applied to firefighters and police officers who were eligible to receive a disability or retirement pension prior to May 26, 1983 absent a showing that this repeal was necessary to protect the actuarial soundness of the firefighters' and police officers' pension systems...."

This proceeding is brought by Marvin B. York, President Pro Tempore of the Oklahoma State Senate, who contends that status is indicative of his standing to bring an action of this nature. Petitioner seeks assumption of original jurisdiction on the basis that the issues raised in objecting to this opinion are of general public concern and are *publici juris*, a matter pertaining to the community at large. The issues tendered for consideration are of general concern to the public inasmuch as this ac-

tion raises questions of law which penetrate to the very foundation of state government, as discussed herein. Further, this cause concerns, as alleged by petitioner, what is perceived to be a monumental sum of tax revenue and the actuarial stability of the Police & Firefighters' Retirement & Pension System. The cause is a matter of general public concern in the light of the following, and original jurisdiction is assumed inasmuch as the Attorney General has acted in a quasi-judicial capacity in issuing the opinion above referred to, and it is appropriate to examine the validity of that opinion under Art. 7 § 4 of the Oklahoma Constitution. *Draper v. State*, 621 P.2d 1142 (Okl.1980). Similarly, we have recently stated that the legislature's presiding officers have standing to bring an action in the name of the State in an original action to require a state official to comply with the statutes which the Attorney General had held to be involved. The interest of these officers was described to be, *inter alia*, the vindication of the legislature's exercise of its power. *State, ex rel., Howard v. Oklahoma Corp. Comm.*, 614 P.2d 45 (1980). Jurisdiction over this class of proceeding was demonstrated, and petitioner has standing. In the exercise of its discretion, this Court hereby sustains the petitioner's application to assume original jurisdiction.

Broadly, petitioner grounds his prayer for relief in this Court on two bases. First, that the Attorney General has no authority to declare an act of the legislature unconstitutional; second, the Attorney General's opinion is substantially and procedurally incorrect.

The Attorney General counters these assertions by arguing that his opinion does not have that effect. As stated in the respondent's brief, the opinion:

> ... "merely articulated the constitutional test against which such legislation is measured, opining that the accrued pension rights of pensioners may not be impaired absent a showing that such impairment is 'necessary to protect the actuarial soundness of the pension system.'"

It is altogether unclear in what forum the Attorney General expects the factual determination of "necessary to protect actuarial soundness." It could be that it is anticipated the legislature should pass a statute reciting the facts, or it could be respondent contemplates a fact finding in a *nisi prens* forum which will somehow validate the statutory repealer presumed invalid in its absence.

■ Conceding for the sake of argument that opinion # 83–202 falls short of formally declaring the repealer unconstitutional, its effect does not. While in many states such an Attorney General's opinion is merely advisory, in this state it has been held such an opinion is binding upon the state official affected by it and it is their duty to follow and not disregard those opinions. *Rasure v. Sparks*, 75 Okl. 181, 183 P. 495 (1919). This duty continues until a judgment of a court of competent jurisdiction relieves the public official of the burden of compliance. *Pan American Petroleum v. Bd. of Tax Roll Corrections of Tulsa Cty.*, 510 P.2d 680 (Okl.1973); *State v. District Ct. of Mayes Cty.*, 440 P.2d 700, (Okl.1968). The Attorney General's opinion declares the repealing statute unconstitutional absent a showing of necessity. The statute does not make a "finding" or include a statement of necessity. As the repeal statute exists *in praesenti*, it stands declared unconstitutional and remains so until further action is taken. In the present state, public officials are bound to the Attorney General's conclusion that the statute is unconstitutional. The Court therefore declines to accept the Attorney General's position that he has not ruled the statute unconstitutional, for such is the precise effect of the opinion.

The Attorney General argues this Court should not assume jurisdiction, *inter alia*, because "the controversy presently before the Court must turn on a question of fact—whether protection of the actuarial soundness of the pension systems required the repealing or impairment of pensioner pension rights." In the event it was deter-

mined that it was necessary to reach the merits of the Attorney General's opinion to rule upon its validity, the point would be well taken.

■■■ In stating the repealer is unconstitutional, absent a showing of necessity, the Attorney General is stating in his opinion the statute is unconstitutional, absent a future determination of fact. Since the case law of this jurisdiction teaches state officers must follow these opinions until further action is taken, the repealer must be assumed unconstitutional. The Attorney General's opinion fails to embrace the basic presumption that an act is constitutional. *Application of Okla. Capitol Improvement Auth.*, 355 P.2d 1028 (1960); *In Applic. of State of Okla. Building Bonds Commission*, 202 Okl. 454, 214 P.2d 934 (1950). And more specifically, if an act of the legislature would be valid only if certain factual circumstances exist, it will be presumed they do exist. *State v. Johnson*, 90 Okl. 21, 215 P. 945 (1923). Our Constitution states in § 30 of Art. V that the authority of the legislature shall extend to *all* rightful subjects of legislation.

"In the legislative department of the government is vested the power of enacting all laws. To that department is intrusted the determination of what laws shall be enacted, and what laws shall not be enacted. It must in the first instance determine whether a proposed measure is valid or invalid, and in doing so it will not be presumed that the members of that department, whether they be the electors at the polls, or the members of the Legislature, will enact or attempt to enact legislative measures that they know are violative of the state Constitution or of the federal Constitution, but that they will act from patriotic motives and endeavor to adopt such laws only as will best serve the public good, keeping in mind the limitation upon their powers fixed by the Constitution of the state and the federal Constitution as the supreme law of the land. When such department has acted upon a proposed measure and adopted same, it thereby becomes clothed with the presumption that it is a valid enactment and with its validity the executive and judicial departments have nothing to do, until it becomes the duty of these respective departments to participate in the construction or enforcement of such statute. The duty of determining what law shall be enacted and what law shall not be enacted rests neither upon the executive nor the judicial department." *Threadgill v. Cross*, 26 Okl. 403, 109 P. 558.

The legislature represents the will of the people in a degree no less conclusive than a constitutional convention, in all matters neither expressly, nor by clear implication, prohibited by the basic law of the state or nation. *Dixon v. Shaw*, 122 Okl. 211, 253 P. 500 (1927). The Attorney General's opinion places the burden of going forth to some unnamed forum to prove the act was necessary for it to be valid and such conclusion is flatly contrary to the applicable law of the state. This Court is not authorized to consider the desirability, wisdom or practicability of fiscal legislation as a working proposition. To a certainty, our fundamental law establishes these questions belong to the legislative branch of government. This Court is clearly limited to determining the validity or invalidity of legislative acts. Unless prohibited by the Constitution, the legislature has the right to declare fiscal policy. *Tate v. Logan*, 362 P.2d 670 (Okl. 1961), *Application of Okla. Capitol Improvement Auth., supra; In Application of State of Okla. Building Bonds Commission, supra.*

All the authorities cited here refer to the duty of the courts to pass on questions of constitutional validity of statutes.

■■■ No one can call the legislature to account for its expenditures of public funds except the people in their sovereign capacity, unless the power of the Courts can be invoked to restrain and prevent the completion of a purpose expressed by that body in violation of the basic law of the state. *Tate v. Logan, supra.* Art. IV § 1 of the Oklahoma Constitution provides: "The powers of the government of the State of

Oklahoma shall be divided into three separate departments: The Legislative, Executive, and Judicial; and except as provided in this Constitution, the Legislative, Executive and Judicial departments of government shall be separate and distinct, and neither shall exercise powers properly belonging to the others." The true import of the doctrine of separation of powers is that the whole power of one department shall not be exercised by the same hands which possess the whole power of either of the other departments; and that no one department ought to possess *directly* or *indirectly* an overruling influence over the others. *Bailey v. State Board of Public Affairs,* 194 Okl. 495, 153 P.2d 235 (1944).

■ Given, then, the importance of separating the several departments, restricting them to their appointed powers, it follows as a logical corollary that each should be kept independent in the sense that the acts of each shall never be controlled by or subjected directly or indirectly to the coercive influences of either of the other departments. *O'Donoghue v. U.S.,* 289 U.S. 516, 53 S.Ct. 740, 77 L.Ed. 1356 (1933). The Court alone has the power to authoritatively determine the validity or invalidity of a statute. *State v. Bd. of County Commissioners of Creek County,* 188 Okl. 184, 107 P.2d 542 (1940).

■ Although in rendering opinions under 74 O.S.1981 § 18b(e), the Attorney General is acting in a quasi-judicial capacity, it is axiomatic that the Attorney General is an officer of the state exercising executive authority. *Magness v. Pledger,* 334 P.2d 792 (Okl.1959). Okla. Const. Art. VI § 1 A. This Court has stated that state officers are bound by these Attorney General opinions until relieved of that duty by the Court. However, for these opinions to be binding upon state officers prior to judicial intervention is an unwarranted encroachment upon the power of the legislature to determine policy of the law applicable to state government; similarly such power properly rests only with the judiciary. The legislature has by statute made the duty to issue opinions, when requested by the proper officials, a mandatory and therefore necessary duty. 74 O.S.1981 § 18b(e). The last-mentioned statute speaks only to issuance of opinions, however:

"(e) To give his opinion in writing upon all questions of law submitted to him by the Legislature or either branch thereof, or by any state officer, board, commission or department, provided that the Attorney General shall not furnish opinions to any but district attorneys, the Legislature or either branch thereof, or any other state official, board, commission or department, and to them only upon matters in which they are officially interested."

■ The binding effect of these opinions upon state officers is a creature of judicial origin. *Rasure v. Sparks, supra; Pan American Petroleum v. Bd. of Tax Roll Corrections of Tulsa Cty., supra.* Title 74 O.S.1981 § 18b(e) requires the Attorney General to give advice, his opinion, to officers of the state upon request. The statute plainly requires an opinion to be given and does not limit the scope of the request. The Court, therefore, cannot limit the issuance of opinions in the face of the broad mandate of the legislature. However, the issuance of an opinion finding an act of the legislature unconstitutional is, as discussed, an unwarranted encroachment upon the power of the legislature and the unique duty of the courts. It is therefore determined, and this Court holds, an opinion of the Attorney General stating an act of the legislature is unconstitutional should be considered advisory only, and thus not binding until finally so determined by an action in the District Court of this state.

In view of the fact that the Attorney General's opinion, # 83–202, is advisory only and does not bind state officers, petitioner cannot demonstrate a need for a writ in order to be freed from its teachings, and the writ is hereby denied.

ORIGINAL JURISDICTION ASSUMED; WRIT DENIED.

BARNES, C.J., and HODGES, LAVENDER, OPALA, WILSON and KAUGER, JJ., concur.

SIMMS, V.C.J., and DOOLIN, J., dissent.

OPALA, Justice, concurring:

In this original proceeding for a prerogative writ the dispositive issue before us is whether the legislature *must* conform its actions to an opinion of the Attorney General (AG) declaring an enactment to be invalid insofar as its terms extend beyond a single, narrowly defined, purpose that is deemed constitutionally permissible. Our answer—given in the negative—frees the legislative department from obedience to the AG's opinion as a binding declaration of law. While I fully concur in the court's pronouncement, I write separately to articulate some of the reasons which impel me to the court's view.

The petitioner is the presiding officer of the Senate. He appears here in his representative capacity and seeks relief from the challenged AG opinion because (a) extant case law appears to impart to that opinion the effect of law that is binding on *all* public officials, including the legislative department, and (b) the AG opinion *presently* and *effectively impedes* legislative freedom of action with respect to the subject addressed in the opinion.

Our past pronouncements clearly accord the petitioner standing to prosecute this action. *Draper v. State*, Okl., 621 P.2d 1142 (1980); *Application of State ex rel. Dept. of Transp.*, Okl., 646 P.2d 605, 609 (1982); *Democratic Party v. Estep*, Okl., 652 P.2d 271, 274 (1982).

The controversy is lively, real and the requirement of justiciability hence clearly met. *Application of State ex rel. Dept. of Transp.*, supra, at 609. By extant case law the challenged AG opinion is binding on the petitioner and, under the facts of this case, *only this court* can relieve him of the duty to comply with the terms of that opinion.[1] Assumption of our original cognizance is hence essential to facilitate a harmonious and constitutionally permissible allocation of responsibilities between two departments functioning at the highest level of state government. In so doing we wisely avoid determining here the substantive merits of the present controversy over the constitutional validity of the legislative enactment. We merely hold that *no official or agency* is bound by the AG's view of a constitutional infirmity.

This court may not, by a rule of decisional law, impart binding force *in futuro* to *any* judicially untested AG's declaration of unconstitutionality. To do so would constitute an unlawful delegation by this court of judicial powers to an executive official whose decision-making occurs *dehors* the framework of adjudicative process. Art. 4 § 1, Okl. Const.; see in this connection, *Sterling Refining Co. v. Walker*, 165 Okl. 45, 25 P.2d 312, 316–320 (1933).

SIMMS, Vice Chief Justice, dissenting.

I dissent. I would refuse to assume original jurisdiction of this abstract question. This is not an actual case or controversy with justiciable issues. Unlike district courts, this Court does not have the jurisdictional power to render declaratory judgments.

The doctrine of *publici juris* is not in itself a ground of jurisdiction, it is merely one factor a court may consider in deciding whether to assume original jurisdiction when it exists on proper grounds. It is difficult to think of very many questions which would not have state wide application and be of public concern when addressed by the highest appellate court of the state. Simply being of general public interest or concern does not change a question into a lawsuit, however.

For these and the additional reasons expressed in my dissenting opinion in *Okla. Ass'n. of Mun. Attys. v. State*, Okl., 577 P.2d 1310, 1315 (1978), I dissent.

---

1. *Grand River Dam Authority v. State*, Okl., 645 P.2d 1011, 1016 (1982). *Only* this court can change the precedential effect of its past opinions. *Wimberly v. Buford*, Okl., 660 P.2d 1050, 1051 (1983).