AS WE DISCUSSED IN OUR RECENT MEETING, THIS OFFICE HAS REVIEWED YOUR RECENT OPINION REQUEST REGARDING WHETHER RULE 106.1 OF THE WATER RESOURCES BOARD IS EFFECTIVE IN LIGHT OF HOUSE RESOLUTION NO. 1020, WHICH PURPORTS TO DISAPPROVE THE RULE. AS YOU KNOW, A.G. OPIN. NO. 86-017 SPECIFICALLY HELD, BASED ON THE 1983 UNITED STATES SUPREME COURT DECISION STYLED CHADHA V. IMMIGRATION AND NATURALIZATION SERVICE, 462 U.S. 919, 103 S.CT. 27, 77
L.ED.2D 317 (1983), THAT THE ONE-HOUSE VETO AS PROVIDED FOR IN 75 O.S. 308 [75-308] (1985), IS UNCONSTITUTIONAL. AS THE MEMORANDUM YOU HAVE PROVIDED US FROM DEAN COUCH NOTES, HOWEVER, IN STATE EX REL. YORK V. TURPEN, 681 P.2d 763
(OKL. 1984), THE SUPREME COURT HELD THAT AN OPINION OF THE ATTORNEY GENERAL STATING AN ACT OF THE LEGISLATURE IS UNCONSTITUTIONAL SHOULD BE CONSIDERED ADVISORY ONLY, AND NOT BINDING UNTIL FINALLY SO DETERMINED BY AN ACTION IN THE DISTRICT COURT. THERE IS, THEREFORE, PRESENTED A DILEMMA AS TO THE VALIDITY OF THE RULE IN QUESTION. BECAUSE OF THIS DILEMMA, THIS OFFICE IS NOT IN A POSITION TO ISSUE AN OFFICIAL OPINION; HOWEVER, AS WE DISCUSSED WITH YOU IN OUR RECENT MEETING, THIS OFFICE IS PREPARED TO ASSIST IN DEFENSE OF THE WATER RESOURCES BOARD RULE IN QUESTION, SHOULD YOU DECIDE TO ENFORCE IT AND ITS VALIDITY BE QUESTIONED AFTER ENFORCEMENT BY YOUR BOARD. (SUSAN BRIMER LOVING)