Attorney General Loving has asked me to respond to your letter in which you asked, in effect, the following question:
 What is the effect of Executive Order 94-1, which implements a hiring freeze, on the responsibility of the War Veterans Commission to carry out its duties pursuant to 72 O.S. 225 (1991)?
Because your question turns on issues of fact, this office has decided to respond to your request through this informal letter. The discussion which follows is not, therefore, an official opinion of the Attorney General but represents the analysis and conclusions of the undersigned Assistant Attorney General.
The War Veterans Commission of Oklahoma and the Oklahoma Department of Veterans Affairs are created and function pursuant to the authority of the Oklahoma Statutes, Title 72 o.s. 63.1 et seq. The Department is administered under the rules, regulations and policies set by the Commission. (Section 63.1.) The Commission appoints the Director of the Department and provides for the employment of all other personnel. (Section 63.3.) The Department of Veterans Affairs is a Merit System agency, and it is subject to the Oklahoma Personnel Act (74 O.S. 840.1 (1992) et seq.) and the Merit System of Personnel Administration Rules (Oklahoma Administrative Code, 530:10-1-1, et seq,.)
The 1992 Legislature amended Section 840.22A of the Oklahoma Personnel Act and stated its intent "to increase individual agency skill and accountability managing the costs associated with personnel and in applying controls that will enhance the ability of the State of Oklahoma to manage the overall costs of human fairness to employees." The Legislature also provided at Subsection D:
 "As a further control on human resource costs, the Governor may declare a financial emergency or implement a freeze in hiring, by declaring this section to be in effect. (Emphasis added)."
On January 5, 1994, Governor Walters issued Executive Order 94-1 which states, in part at pages 1 and 2 as follows:
 "Effective immediately, all state agencies are strictly prohibited from hiring or reinstating employees unless otherwise permitted by the terms of this Executive Order.
 Exceptions to the above prohibition may be permitted on a case by case basis with the prior written approval of the affected agency director and appropriate Cabinet Secretary.
 The Office of the Governor shall maintain final authority over the implementation of the directives contained in this Executive Order."
The impact of Executive Order 94-1 appears to increase the administrative oversight and justification for hiring or reinstating employees. However, the agency's duties and responsibilities remain the same with or without the order. If there is concern that the quality of service may be impaired as a result of the hiring freeze, then the remedy pursuant to Executive Order 94-1 would appear to be to seek an exception by the joint approval of the Director of Veterans' Affairs and the Secretary of Veterans' Affairs, and in the event that they might disagree, to petition the Governor for his personal review. In the event the exception is not allowed then the agency might consider a reduction in services so as to maintain the necessary quality of services provided.
It is beyond the scope of this analysis to discuss the nature and scope of possible liabilities which an agency of state government such as yours might be exposed. Generally, under state laws, the liability of the Commission, the Department, and all their employees acting within the scope of their employment is subject to the doctrine of sovereign immunity, as defined by the Oklahoma Governmental Torts Claims Act (See 51 O.S. 151 et seq.) (1991). There under the Department would be liable for torts covered by the Act up to $1,000,000.00 for any number of claims arising out of one occurrence, and $200,000.00 to any claimant for claims of medical negligence.
It is, therefore, the opinion of the undersigned that the War Veterans Commission is not relieved of its statutory responsibilities by virtue of Executive Order 94-1 or successor order. Whether shortage of personnel due to a hiring freeze could constitute a defense or mitigating factor for the Commission in any legal action is dependent on the totality of circumstances in a particular case and must be decided by the court.
(JOhn M. Crittenden)
We do not address the constitutionality of 74 O.S. 840.22(a) (1993) or Executive Order 941. An opinion of the Attorney General regarding the constitutionality of an act of the legislature is advisory only, and not binding upon state officers until finally determined by an action in the district court. York v. Turpen, 681 P.2d 763
(Okla. 1984).