Dear Treasurer Meacham:
This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
 1. Is it lawful for the State Treasurer to transfer funds from the General Revenue Fund to the State Land Reimbursement Fund as directed by 64 O.S.Supp. 2008, § 371[64-371](B), to make payments to counties to compensate them for lost ad valorem tax revenues from state-owned lands?
 2. If the total payments to reimburse counties for state-owned land exempt from ad valorem taxation, made pursuant to 62 O.S.Supp. 2008, § 194[62-194](B), exceed the balance in the State Land Reimbursement Fund, does a liability exist for any reimbursements that remain unpaid?
 3. If the total monies apportioned to the State Land Reimbursement Fund are less than the amount required to be paid to the counties pursuant to 62 O.S.Supp. 2008, § 194[62-194](B), how should the Treasurer determine each county's payment from the Fund?
Your questions relate to provisions added in 2007 to 62 O.S. 2001, § 194[62-194] and 64 O.S. 2001, § 371[64-371]. See 2007 Okla. Sess. Laws ch. 323, §§ 1-2. Title 62 O.S.Supp. 2008, *Page 2 
§ 194[1] and 64 O.S.Supp. 2008, § 371[64-371][2] require the State Treasurer to transfer monies from the General Revenue Fund to the State Land Reimbursement Fund and make payments from the State *Page 3 
Land Reimbursement Fund to counties in which tax-exempt, state-owned lands are located, "equal to the amount of the additional ad valorem tax revenue which would have been received in the county if the state-owned land was not exempt from ad valorem taxation." 62 O.S.Supp. 2008, § 194[62-194](B).
 CONSTITUTIONAL LIMITATION ON APPROPRIATIONS UNDER OKLAHOMA CONSTITUTION ARTICLE V, SECTION 55
Title 64 O.S.Supp. 2008, § 371[64-371](B), which requires the State Treasurer to annually transfer from the General Revenue Fund to the State Land Reimbursement Fund "an amount equal to all monies accruing in the Public Building Fund for the previous fiscal year" must be reviewed in light of Okla. Const. art. V, § 55, which provides as follows:
 No money shall ever be paid out of the treasury of this State, nor any of its funds, nor any of the funds under its management, except in pursuance of an appropriation by law, nor unless such payments be made within two and one-half years after the passage of such appropriation act, and every such law making a new appropriation, or continuing or reviving an appropriation, shall distinctly specify the sum appropriated and the object to which it is to be applied, and it shall not be sufficient for such law to refer to any other law to fix such sum.
Id.
Statutes are presumed to be constitutional. Fent v. Okla. Capitol Imp.Auth., 984 P.2d 200, 204 (Okla. 1999) (citation omitted). However, "[t]he Constitution is the bulwark to which all statutes must yield."EOG Res. Mktg. Inc. v. Okla. State Bd. of Equalization, 196 P.3d 511,520 (Okla. 2008) (footnote omitted).
"The appropriation of money is the setting it apart formally or officially for a special use or purpose . . . by the Legislature in clear and unequivocal terms in a duly enacted law. . . ." Edwards v. Childers,228 P. 472, 473 (Okla. 1924) (citation omitted). Title 64 O.S.Supp. 2008, § 371[64-371](B) makes an appropriation in that in clear and unequivocal terms in a duly enacted law, the statute directs the State Treasurer to set apart monies from the General Revenue Fund to the State Land Reimbursement Fund in an amount equal to all monies accruing to the Public Building Fund for the previous fiscal year.
In State ex rel. Murray v. Carter, 30 P.2d 700, 703 (Okla. 1934), the court said Article V, Section 55 of the Oklahoma Constitution requires an appropriation bill to meet all of the following five requirements: *Page 4 
 (a) Make an appropriation of money;
 (b) provide for its payment within 30 months;
 (c) specify the sum appropriated;
 (d) state the object to which said sum shall be applied; and
 (e) not require reference to any other law to fix the sum appropriated.
Id.
The appropriation from the General Revenue Fund to the State Land Reimbursement Fund does not meet at least one of the requirements necessary to constitute a valid appropriation as set forth in Carter. Section 371(B) does not provide for "payment" of the appropriation to be made within 30 months of the law's enactment as required by the Constitution. Instead, the payment of monies from the General Revenue Fund is made year after year, continuing indefinitely.
This office previously addressed a similar situation in Attorney General Opinion 01-52. In that Opinion the requester asked if it was unconstitutional "to designate a percentage of the general revenue fund for teacher retirement with the allocation to be continuing each year."See id. at 284. It was found that a continuing appropriation from the General Revenue Fund violated Okla. Const. art. V, § 55. Id. at 288.
Because the appropriation made in 64 O.S.Supp. 2008, § 371[64-371](B) from the General Revenue Fund to the State Land Reimbursement Fund is for a continuing, indefinite term and not payable within 30 months of the statute's July 1, 2007 effective date, the statute violates Okla. Const. art. V, § 55. Consequently, it is not lawful for the State Treasurer to transfer monies from the General Revenue Fund to the State Land Reimbursement Fund as directed by 64 O.S.Supp. 2008, § 371[64-371](B).
An Attorney General's Opinion stating that an act of the Legislature is unconstitutional is advisory only and not binding on a state official.State ex rel. York v. Turpen, 681 P.2d 763, 767 (Okla. 1984). Only a court of competent jurisdiction can issue a binding opinion that a legislative act is unconstitutional. Id.
There are ways to legally fund the State Land Reimbursement Fund in order to reimburse counties for state-owned land exempt from ad valorem taxation. The Legislature could make an appropriation each year to fund the State Land Reimbursement Fund. Also, taxes, charges, costs, grants or other revenue that does not come from, or out of, the General Revenue Fund could be levied or earmarked *Page 5 
for the Fund. See State ex rel. Hawkins v. Okla. Tax Comm'n, 462 P.2d 536,539 (Okla. 1969);[3] A.G. Opin. 03-16.[4]
We need not answer your final two questions because we have found the sole funding for the State Land Reimbursement Fund, consisting of transfers from the General Revenue Fund, is not lawful. *Page 6 
 It is, therefore, the official Opinion of the Attorney General that:
 1. It is not lawful for the State Treasurer to transfer funds from the General Revenue Fund to the State Land Reimbursement Fund as directed by 64 O.S.Supp. 2008, § 371[64-371](B), because the statute requires these transfers to be made each year, continuing indefinitely. These transfers constitute "appropriations" which cannot be made within two and one-half years (30 months) of the July 1, 2007 enactment of 64 O.S. Supp. 2008, § 371[64-371](B), in violation of Okla. Const. art. V, § 55, which requires payments to be made "within two and one-half years after the passage of such appropriation act."
 2. Our Opinion that 64 O.S.Supp. 2008, § 371[64-371](B) is unconstitutional is advisory only. See State ex rel. York v. Turpen, 681 P.2d 763, 767 (Okla. 1984).
 3. We need not answer your final two questions because we have found the sole funding for the State Land Reimbursement Fund, consisting of transfers from the General Revenue Fund, is not lawful.
W. A. DREW EDMONDSON Attorney General of Oklahoma
JANIS W. PRESLAR Assistant Attorney General
[1] Title 62 O.S.Supp. 2008, § 194[62-194] provides:
 A. There is hereby created in the State Treasury a revolving fund for the Office of the State Treasurer to be designated the "State Land Reimbursement Fund". The fund shall be a continuing fund, not subject to fiscal year limitations. Monies apportioned to the fund shall be expended as payments to any county of this state which has state-owned land within the county, that if the land were in private ownership would be classified as agricultural land and on which no state agency is making an in lieu of ad valorem payment. Provided, no land shall be eligible for reimbursement under the provisions of this section which receives reimbursement for in lieu of tax payments [from the Oklahoma Wildlife Conservation Commission] under the provisions of Section 4-132 of Title 29 of the Oklahoma Statutes.
 B. Each county shall receive a portion of the fund equal to the amount of the additional ad valorem tax revenue which would have been received in the county if the state-owned land was not exempt from ad valorem taxation as determined by the county assessor. Each county assessor shall prepare reports listing the legal description, number of acres, taxable value, tax rate, and property tax amount for each property eligible under this section. The reports shall be filed with the Office of the State Treasurer on or before December 31 of each year. Payments from the fund shall be made by the State Treasurer to the county treasurers not later than February 1 of each year. The county treasurer shall apportion the monies in the manner ad valorem taxes are apportioned in the county.
Id. (emphasis added).
[2] Title 64 O.S.Supp. 2008, § 371[64-371](B) provides:
 B. On or before July 15, 2008, and on or before July 15 each year thereafter, the State Treasurer shall transfer from the General Revenue Fund an amount equal to all monies accruing in the Public Building Fund for the previous fiscal year to the State Land Reimbursement Fund which shall be expended in accordance with the provisions of Section 194 of Title 62 of the Oklahoma Statutes.
Id. (emphasis added).
[3] In Hawkins, the court said:
 Considering the number of cases wherein this court has approved the expenditure of special funds earmarked for a special purpose more than two and one-half years after the passage of appropriation acts it is apparent we have held in effect that the time limitation upon the expenditure of an appropriation imposed by Art. 5, Sec. 55, Const., is not applicable to revenues levied and earmarked for a specific purpose which have accrued in a special fund. . . . The confusion has arisen because of the time limitation imposed by Art. 5, Sec. 55, which we now believe was intended to apply to general fund appropriations. . . .
Id. at 540.
[4] In A.G. Opin. 03-16, we recognized that funding of the Ad Valorem Reimbursement Fund through dedication of one percent (1%) of state income tax collections did not violate Okla. Const. art. V, § 55.Id. at 91-92. Monies from the Ad Valorem Reimbursement Fund were used to reimburse "common schools, county governments, cities and towns, emergency medical services districts, vocational-technical schools, junior colleges, county health departments and libraries for revenues lost to such entities as a result of the [ad valorem tax] exemption provided" to manufacturing facilities. Id. at 86. *Page 1