GREENWOOD CENTRE, LTD v. NIGHTINGALE

Skip to Main Content
Accessibility Statement

Help
Contact Us

e-payments
Careers

Home
Courts
Decisions
Programs
News
Legal Research
Court Records
Quick Links

OSCN Found Document:GREENWOOD CENTRE, LTD v. NIGHTINGALE

Previous Case

Top Of Index

This Point in Index

Citationize

Next Case

Print Only

GREENWOOD CENTRE, LTD v. NIGHTINGALE2020 OK 59Case Number: 118860Decided: 06/23/2020THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2020 OK 59, __ P.3d __

GREENWOOD CENTRE, LTD., an Oklahoma limited partnership; JOHN HOPE FRANKLIN CENTER FOR RECONCILIATION, INC., a non-profit corporation; SHANNON MARTIN, an individual; and BIM STEPHEN BRUNER, an individual, Petitioners,
v.
REBECCA BRETT NIGHTINGALE, Judge of the District Court in and for Tulsa County, Respondent.

CORRECTED
ORDER

Petitioners Greenwood Centre Ltd., John Hope Franklin Center for Reconciliation, Inc., Shannon Martin, and Bim Stephen Bruner's application to assume original jurisdiction is denied. Okla. Const. art. VII, § 4. Petitioners cannot establish the necessary elements for a writ of mandamus, specifically that Petitioners possess a clear legal right to the relief they seek. Chandler U.S.A., Inc. v. Tyree, 2004 OK 16, ¶¶ 24-25, 87 P.3d 598, 604-05.

DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 19th DAY OF JUNE, 2020.

/s/CHIEF JUSTICE

Gurich C.J., Darby, V.C.J., Kauger, Winchester, Edmondson, Colbert, Combs (by separate writing), Kane and Rowe (by separate writing), JJ., concur.

COMBS, J., with whom, Kauger, J., joins, concurring

¶1 I concur in this order for the following reasons. Oklahoma Governor Stitt's executive order no. 2020-20, filed June 12, 2020, paragraph 15 provides:

All businesses should adhere to the statewide Open Up and Recover Safely (OURS) Plan as provided on the Oklahoma Department of Commerce website. (emphasis added)

The OURS Plan on the Oklahoma Department of Commerce's website has a specific provision for entertainment venues.1 It notes, entertainment venues, such as the BOK Center, reopened on May 1, 2020. It also provides the following social distancing guidelines:

Social Distancing Guidelines

It is at the discretion of business owners or local officials to determine when and if social distancing measures should be applied.

Business owners and event organizers should use their best judgment taking into account factors such as location and size of venue when determining the appropriate levels of social distancing and group size. (emphasis added).

The Petitioners included in their appendix the Tulsa Mayor's executive order no. 2020-10, signed June 8, 2020. This executive order provides:

2. Special Event Permits may be issued to organizers following CDC and OURS Plan guidelines for social distancing and sanitation guidelines effective June 1, 2020.

3. All businesses within the City of Tulsa, including bars, shall follow the guidance in the Governor of the State of Oklahoma's OURS Plan. (emphasis added).

There is no indication that the BOK Center needed to apply or applied for a special event permit for the subject event. There is no other local official executive order presented to this Court which provides restrictions on social distancing. Therefore, the only social distancing requirement is to follow the OURS Plan. In the context of an entertainment venue, the OURS Plan only requires a business owner to use discretion and its best judgment. The OURS Plan is permissive, suggestive and discretionary. Therefore, for a lack of any mandatory language in the OURS Plan, we are compelled to deny the relief requested.

FOOTNOTES

1 This information can be found at https://www.okcommerce.gov/wp-content/uploads/Entertainment-and-Sporting-Venue-Guidance.pdf.

Rowe, J. concurring:

¶1 Petitioners ask this Court to enjoin Real Parties in Interest, SMG and ASM Global Parent, Inc., which manage the BOK Center, from permitting President Trump's campaign to host a rally at the venue in Tulsa, Oklahoma, on June 20, 2020, unless the campaign institutes social distancing protocols. Nearly three weeks ago, on June 1, 2020, Oklahoma entered into Phase 3 of the Open Up and Recover Safely (OURS) Plan. In Phase 3 of the plan, business owners or local officials became vested with the discretion to determine when and if social distancing measures should be applied. Thus, social distancing measures as of the date of the President's rally are not mandatory in Oklahoma as Petitioners claim.

¶2 Governor Stitt and Mayor Bynum have indicated that the proposed presidential rally will be operated consistent with the guidance contained in the OURS plan. Neither the governor nor the mayor have sought to reinstate, by executive order, social distancing measures in anticipation of the President's rally.

¶3 It is not the duty of this Court to fashion rules or regulations where none exist, simply to achieve a desired outcome. Okla. Const. art. 4, § 1 ("[T]he Legislative, Executive, and Judicial departments shall be separate and distinct, and neither shall exercise the powers properly belonging to either of the others."); State ex rel. York v. Turpen, 1984 OK 26, ¶4, 681 P.2d 763, 766-67. Rather, it is our duty to apply the law as written. Zeier v. Zimmer, Inc., 2006 OK 98, ¶ 12, 152 P.3d 861, 866-67 ("[J]ust as it is the responsibility of the Legislature to make law and the Executive to carry those laws into effect, it is for the judiciary to interpret the same ...").

¶4 Based on the foregoing, Petitioners have not shown a likelihood of success on the merits, which is the first of four requirements in order for a temporary injunction to issue. 12 O.S. § 1382. As such, we need not address the three remaining criteria.

¶5 Accordingly, I concur in the Court's decision to deny the Petition for Writ of Mandamus and to allow the President's rally to proceed as planned.

Citationizer© Summary of Documents Citing This Document

Cite
Name
Level

None Found.

Citationizer: Table of Authority

Cite
Name
Level

Oklahoma Supreme Court Cases
 CiteNameLevel

 2004 OK 16, 87 P.3d 598, CHANDLER (U.S.A.), INC. v. TYREEDiscussed
 2006 OK 98, 152 P.3d 861, ZEIER v. ZIMMER, INC.Discussed
 1984 OK 26, 681 P.2d 763, 55 OBJ 1013, State ex rel. York v. TurpenDiscussed
Title 12. Civil Procedure
 CiteNameLevel

 12 O.S. 1382, Cause for Temporary InjunctionCited

oscn

EMAIL: webmaster@oscn.net
Oklahoma Judicial Center
2100 N Lincoln Blvd.
Oklahoma City, OK 73105

courts

Supreme Court of Oklahoma
Court of Criminal Appeals
Court of Civil Appeals
District Courts

decisions

New Decisions
Supreme Court of Oklahoma
Court of Criminal Appeals
Court of Civil Appeals

programs

The Sovereignty Symposium

Alternative Dispute Resolution
Early Settlement Mediation
Children's Court Improvement Program (CIP)
Judicial Nominating Commission
Certified Courtroom Interpreters
Certified Shorthand Reporters
Accessibility ADA

Contact Us
Careers
Accessibility ADA